**DE PORTILLO v. D.H. GRIFFIN WRECKING CO.**

[134 N.C. App. 714 (1999)]

━━━━━━

RAQUEL VALLES DE PORTILLO, GUARDIAN AD LITEM FOR CARLOS ISAAC PORTILLO VALLES, MINOR AND ZAIDA VIVER, GUARDIAN AD LITEM FOR DOMINIQUE L. VIVER, MINOR AND JAZMIN M. VIVER, MINOR CHILDREN OF JUAN PORTILLO RIVAS (DECEASED), Plaintiffs v. D.H. GRIFFIN WRECKING CO., INC., Employer, and CIGNA PROPERTY & CASUALTY CO., Carrier, Defendants

No. COA98-869

(Filed 7 September 1999)

**1. Workers' Compensation— death benefits—natural parent—general guardian—appointed person**

The Industrial Commission erred by holding that death benefits payable to a minor child in the custody of a natural parent can be made through a general guardian, but the Commission properly determined that such payments can be made through some other person as appointed by a court of competent jurisdiction.

**2. Workers' Compensation— sanctions and attorney fees— nonpayment excused—appeal brought by insurer**

The Industrial Commission did not abuse its discretion when it refused to assess sanctions and attorney fees against defendants for refusal to make death benefit payments to the child's guardian ad litem mother because the Executive Secretary ordered payments could only be made to a general guardian, a

**DE PORTILLO v. D.H. GRIFFIN WRECKING CO.**

[134 N.C. App. 714 (1999)]

mandate with which defendant could not comply, and the appeal was brought by plaintiff instead of the insurer.

Appeal by plaintiff from opinion and award entered 20 April 1998 by the North Carolina Industrial Commission. Heard in the Court of Appeals 17 March 1999.

*Law Offices of Kathleen G. Sumner, by Kathleen G. Sumner, for plaintiff-appellant Zaida Viver.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Thomas M. Clare, for defendants-appellees.*

TIMMONS-GOODSON, Judge.

This appeal presents an issue of first impression in this State: whether the Industrial Commission may order that death benefits payable to a minor child in the custody of a natural parent be paid to the minor child "through a general guardian or some other person as appointed by a court of competent jurisdiction." We conclude that a general guardian is not a proper recipient of death benefits due a minor child in the custody of a natural parent. However, the Commission may order that such payments be made through "some other person as appointed by a court of competent jurisdiction." Therefore, we modify and affirm.

Juan Portillo-Rivas ("decedent") died on 18 January 1995 as a result of a compensable injury suffered while cutting down a steel sign pole which struck him. A claim for death benefits pursuant to North Carolina General Statutes section 97-38 (1991) was made on behalf of decedent's three alleged, illegitimate minor children: Carlos Isaac Portillo Valles ("Carlos"); Dominique L. Viver ("Dominique"); and Jazmin M. Viver ("Jazmin") (collectively, "plaintiffs"). Carlos' mother, Raquel Valles de Portillo, filed the action as his guardian ad litem. The mother of Dominique and Jazmin, Zaida Viver ("Viver"), served as their guardian ad litem.

By Agreement of Final Settlement and Release ("Agreement"), D.H. Griffin Wrecking Company, Inc. and Cigna Property & Casualty Company (collectively, "defendants") agreed to pay $112.27 per week on behalf of two of decedent's three illegitimate children, Jazmin and Carlos, until they reached the age of 18. Deputy Commissioner Edward Garner, Jr. entered an order approving the agreement. Neither the Order of the Deputy Commissioner nor the Agreement

specifically addressed the issue of who was to be the proper recipient of benefits paid on behalf of Jazmin and Carlos. Because of this omission, defendants refused to pay benefits to Jazmin and Carlos until a guardian was appointed. Plaintiffs subsequently filed motions with the Executive Secretary to order defendants to pay pursuant to the Agreement. Plaintiffs also requested penalties and attorneys' fees.

On 21 January 1997, the Executive Secretary entered an order directing defendants to pay benefits to Jazmin and Carlos through a general guardian. The Order cited Industrial Commission Rule 604, which provides that compensation payable to a minor child shall not be paid directly to the guardian ad litem. Instead, the Executive Secretary ordered that compensation be paid pursuant to North Carolina General Statutes sections 97-48 and 97-49.

Defendants began paying benefits on behalf of Carlos through his general guardian. Defendants did not make any payments on behalf of Jazmin for whom no general guardian had been appointed. Jazmin was in the custody of a natural parent, her mother. Counsel for Jazmin appealed to the Industrial Commission.

On 20 April 1998, the Commission held that "the interest of all parties would be best protected by an order providing that payments shall be made only to the general guardian or to some other proper person as appointed by a court of competent jurisdiction." Counsel for Jazmin appeals the Commission's order.

[1] Plaintiff argues that the Commission erred in ordering the appointment of "a general guardian or some other person as appointed by a court of competent jurisdiction" as the proper recipient of the benefits paid on behalf of Jazmin. Specifically, plaintiff argues that a mother is the natural guardian of a minor, therefore, a Clerk of Superior Court lacks the authority to appoint a guardian for a minor.

Pursuant to Rule 604(1) of the Workers' Compensation Rules of the North Carolina Industrial Commission, minors are allowed to file suit through a guardian ad litem. However, under Rule 604(2), in no event shall any compensation be paid directly to the guardian ad litem. Instead, Rule 604(2) provides that "compensation payable to a minor or incompetent shall be paid as provided in N.C.Gen Stat. § 97-48 and N.C. Gen. Stat. § 97-49."

**DE PORTILLO v. D.H. GRIFFIN WRECKING CO.**

[134 N.C. App. 714 (1999)]

North Carolina General Statutes section 97-48 states in pertinent part that compensation relieving the employer of any liability may be paid "to a *widow or widower* for her or his use, or for her or his use and the use of the child or children." N.C. Gen. Stat. § 97-48(a) (1991) (emphasis added). Once the compensation is paid to the widower or widow, his or her written receipt thereof shall acquit the employer. *Id.* However, the Industrial Commission may change the terms of any award "with respect to whom compensation for the benefit of such minors or incompetents shall be paid" in order to protect the interests of such minors and incompetents. *Id.*

In the case *sub judice*, Viver acted as Jazmin's guardian ad litem. Therefore, under Rule 604(2), Viver is precluded from receiving payments on behalf of Jazmin. Similarly, Viver is not the decedent's widow for purposes of North Carolina General Statute section 97-48. Therefore, payment of compensation to her would not acquit the employer of liability for compensation owed. N.C.G.S. § 97-48(a) (1991).

The Commission, in its discretion, had the authority to change the terms of the award and order that it would be in the best interest of the child for Viver to receive death benefit payments on Jazmin's behalf. However, the Commission chose not to do so and ordered the appointment of a general guardian or some other person as appointed by a court of competent jurisdiction.

We agree with plaintiff that a Clerk of Superior Court may not appoint a "general guardian" for a minor if a natural guardian, such as a biological mother, exists. N.C. Gen. Stat. § 35A-1224(a) (1995). However, the General Statutes hold that a Clerk of Superior Court may appoint "some other proper person" for Jazmin, which may include a guardian of the estate. *See* N.C. Gen. Stat. § 35A-1224(a) (1995). A guardian of the estate is intrusted with the control of a minor's property. N.C. Gen. Stat. § 35A-1202(9) (Cum. Supp. 1998). However, a guardian of an estate does not limit in any way or diminish the parental rights of a parent or natural guardian. *Id.* Jazmin clearly has an estate consisting of death benefits under the Workers Compensation Act.

Our scope of review of the Commission's discretionary order granting or denying relief is extremely limited. Such an order may be reversed on appeal only in those exceptional cases in which manifest abuse of discretion is clearly demonstrated from the record. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). We have already

concluded that the evidence of the apparent conflicts between Chapter 35 and North Carolina General Satutes section 97-48 was adequate to support the Commission's conclusion. We find no abuse of discretion by the Commission in ordering the appointment of some other person as appointed by a court of competent jurisdiction to receive benefits on behalf of Jazmin.

For the reasons stated, we modify the Commission's order by vacating that portion providing that defendant pay death benefits on Jazmin's behalf through "a general guardian" and affirm that portion of the order providing that such benefits be paid "through some other proper person as appointed by a court of competent jurisdiction."

[2] Finally, plaintiff requested that the Full Commission impose sanctions and attorney's fees on defendants based on their refusal to make payments to the guardian ad litem for Jazmin. Sanctions may be assessed if payment of compensation is not timely made "unless such nonpayment is excused by the Commission after a showing by the employer that owing to conditions over which he had no control such installment could not be paid within the period prescribed for the payment." N.C. Gen. Stat. § 97-18(g) (Cum. Supp. 1998). In the present case, nonpayment was excused by the Commission because the Executive Secretary ordered that payments be made only to a general guardian, a mandate with which defendant could not comply.

Attorney's fees may be awarded where there has been an appeal "brought by the insurer." N.C. Gen. Stat. § 97-88 (1991). In the case *sub judice*, the appeal was brought by plaintiff. Therefore, we conclude that the Industrial Commission did not abuse its discretion when it refused to assess sanctions and attorney's fees against defendants.

MODIFIED AND AFFIRMED.

Judges MARTIN and HUNTER concur.