I concur with the majority Opinion that the minor child Fallon Brooklyn Cook is entitled to the death benefits for the tragic death of her father. I file this separate Opinion to express what I view as the proper method of protecting both the minor child's right to the benefits and defendant's discharge from further liability.
The Commission does not have jurisdiction to entered an Award ordering the payment of benefits to Kimberly S. Hamilton for Fallon Brooklyn Cook, her minor child. Kimberly S. Hamilton appeared before the Commission as the Guardian ad Litem for the beneficiary Fallon Brooklyn Cook, a minor. Rule 604 of the Industrial Commission expressly states:
 "(2) In no event, however, shall any compensation be paid directly to the guardian ad litem."
Similarly, the Form 42 filed in this case by Fallon's mother provides:
 "THE GUARDIAN AD LITEM HAS NO AUTHORITY TO RECEIVE OR ACCEPT ANY FUNDS IN BEHALF OF HIS WARD. Only the Clerk of Superior Court or a general[1] guardian appointed under the Clerk's jurisdiction has the authority to receive funds and disburse them for an incompetent or infant."
(Record at 26-27). Payment to the minor's mother, rather than implementing the protections afforded under a guardianship of the estate, and contrary to the direction contained in Rule 604 and Form 42, does not appear to be appropriate in this or other cases.
North Carolina law has established procedures which provide for theprotection of minor beneficiaries. In particular, North Carolina lawrecognizes the creation of a guardian of the estate for a minor who isnot otherwise capable of handling her affairs. North Carolina lawrecognizes at least three forms of guardianships. A "general guardian"is the guardian for both the person and the estate. N.C. Gen. Stat.§ 35A-1202(7). A "guardian of the person" is a guardian appointedsolely for the purpose of performing duties relating to the care,custody, and control of a ward. Id. at § 35A-1202(10). A "guardianof the estate" is a guardian appointed solely for the purpose of managingthe property, estate, and business affairs of a ward. Id. at §35A-1202(9). A "ward" includes a minor for whom a guardianship has beencreated. Id. at § 35A-1202(15). Section 97-49 of the Act,Commission Rule 604, and NCIC Form 42 specifically allow the Commissionto instruct the parties to seek the appointment of a guardian (of theestate) of the minor beneficiary.
The authority of the Commission to appoint a guardian was explained inde Portillo v. D.H. Griffin Wrecking Co., 134 N.C. App. 714,518 S.E.2d 555, rev. denied, 351 N.C. 188, 541 S.E.2d 727 (1999). In that case, the appellate court explained that the Commission was not authorized to appoint a general guardian and could not order the Clerk of Superior Court to appoint a general guardian when a natural guardian (the biological mother) existed. The Court, however, found that the Commission could request the Clerk of Superior Court to appoint a guardian of the estate of the minor beneficiary, and the Commission's order was modified, on appeal, to convert the guardianship to that of the estate.
The Commission generally approves payments for minors by paying their surviving parent pursuant to Section 97-48(a) of the Workers' Compensation Act. Although this is not a claim under the Workers' Compensation Act, this provision would not allow the payment of workers' compensation benefits to Fallon's mother. Section 97-48(a) allows payment to the minor's parent when the parent is the widow or widower of the decedent. Like the beneficiary in de Portillo, however, Fallon Brooklyn Cook is a minor whose mother is not the widow of the decedent. Therefore, the provision of Section 97-48(a) allowing payment to the widow for the use of the children is not applicable in this case. Id. The legislature did not expressly authorize the payment to the parent of the minor beneficiary when the parent is not the widow or widower. N.C. Gen. Stat. § 97-48(a); de Portillo v. D.H. Griffin Wrecking Co.,supra.
Because of the unusual circumstances of this case, which include the fact that Fallon Brooklyn Cook's mother, at the time of Fallon's birth, was married to a man other than Fallon's biological father and Fallon Brooklyn Cook has Downs Syndrome, I do not find any reason to dispense with the protections afforded to her and to the defendants by the guardianship system. First, Kimberly S. Hamilton is not a beneficiary directly entitled to receive the funds from this case and she expressly acknowledged that she was not entitled to receive the benefits for her daughter by execution of the Form 42. Second, the funds awarded in this case are solely for the use and benefit of Fallon Brooklyn Cook. Third, payment to Kimberly S. Hamilton could potentially expose defendants to liability for additional sums should it be later determined that the funds were not properly received and expended for Fallon Brooklyn Cook's benefit. Therefore, it is in the best interest of the minor beneficiary, defendants, and the Commission that defendants pay the sums awarded herein to the Clerk of Superior Court with the request that Kimberly S. Hamilton or some other proper person be named as the guardian of the estate of Fallon Brooklyn Cook and that subsequent payment be made to this estate. I also recommend that defendants request and fund the payment for a bond for the guardian to make certain that defendant is protected from further liability in the event that the sums are not properly used for Fallon Brooklyn Cook's benefit.
Although the majority does not hereby order the defendants to create the guardianship and post the bond for the appointed guardian, I do not believe that defendants would be violating this Award by making payment consistent with this concurring opinion as I believe the Act and Rules of the Commission prescribe.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
[1] It appears that the language of the Form 42 should be revised either to delete the term "general" or to use the phrase "appropriate guardian" to clarify that a general guardian is not appropriate when a natural guardian exists. See de Portillo v. D.H. Griffin Wrecking Co.,134 N.C. App. 714, 518 S.E.2d 555, review denied, 351 N.C. 188,541 S.E.2d 717 (1999).